IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            Case No. 1:21-cr-01930-MLG-1

ANGEL LARA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

This matter comes before the Court on the United States' Opposed Emergency Motion for Reconsideration or Stay of Dismissal Order and Related Release (Doc. 43), filed May 5, 2023. Having reviewed the parties' submissions and the applicable law, the Court denies the motion.

## INTRODUCTION

The facts of this case are more fully set out in the Court's Memorandum Opinion and Order Denying without Prejudice Defendant's Motion to Release Mr. Lara and Dismiss the Indictment, filed April 28, 2023, and in the Court's Memorandum Opinion and Order Granting Dismissal, filed May 5, 2023. Docs. 39, 42. The Court hereby incorporates the contents of those documents by reference. However, the following discussion summarizes a few salient points.

The Court returns to Judge Riggs's August 18, 2022 order finding Lara incompetent and committing him to the custody of the bureau of prisons for treatment. Doc. 30. That order memorialized Lara's apprehension regarding "unnecessary delay in treatment proceedings" and urged "in the strongest terms that such arrangements be made and carried out as soon as possible." *Id*. Unfortunately, Lara's concerns proved to be well-founded, and he has been held since last summer, the date Judge Riggs entered her order, waiting for transport to a suitable Bureau of

Prisons (BOP) facility. As noted in the Court's initial memorandum opinion on this matter, Lara is slated for entry into Federal Medical Facility (FMC) Butner, but his admission date has been a moving target. "According to Defendant, on October 19, 2022, the estimated wait time was 6.3 months; on November 14, 2022, the wait time was approximately seven months. On December 28, 2022, the wait time was approximately three months." Doc. 32.

The Court set this matter for a hearing, which took place on April 14, 2023. Doc. 36. During that proceeding, the government provided scant justification for its continued detention of Lara. As explained in the initial order on this matter, "the sole statement from the BOP shedding any light on Defendant's prolonged pre-hospitalization detention comes from a short e-mail to the United States Attorney's office that was sent in January of this year. That correspondence indicates the average wait time is presently nine months but that the BOP's newest medical facility (in Chicago) was recently activated and should alleviate the backlog." Doc. 33-1 (internal quotation marks omitted). Further, shortly before the hearing, the Court learned that although Lara had been scheduled to enter FMC Butner on April 18, the date had once again been moved, this time to May 8. Doc. 38 at 35.

After the hearing, and having carefully reviewed the parties' submissions, the Court entered an order denying Lara's request to dismiss the indictment without prejudice but directed the United States to expedite Lara's entry into FMC Butner. That instruction was accompanied with a warning that dismissal was a likely possibility if the Court's order went unfulfilled. Doc. 32. The government did not comply with that directive, and Lara's indictment was subsequently dismissed without prejudice. He was ordered released from custody.[1]

---

[1] As the United States has pointed out, it may choose to refile the case. Doc. 44 at 1.

Since the Court's last order (Doc. 42), the United States has filed an emergency motion indicating the possibility of appeal and seeking reconsideration or a stay. Doc. 43. It has also filed a supplement discussing the logistics of returning Defendant to his "home district," New Mexico, from his current location in Georgia. Doc. 44. Defense counsel has responded in opposition and has filed a supplement explaining that Lara's parents are flying to Atlanta to help him return home safely; this supplement, filed on Sunday, May 7, 2023, represents that their flights were due to arrive shortly before midnight. Docs. 45, 46.

## ANALYSIS

Although the Federal Rules of Criminal Procedure do not discuss motions to reconsider, such motions are nonetheless permissible in the criminal context. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Because the criminal rules are silent on the matter, some courts have relied on case law in the civil context to "inform when a motion to reconsider is appropriate in a criminal case." *See United States v. Lewis*, 432 F. Supp. 3d 1237, 1269 (D.N.M. 2020); *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (criminal case relying on civil reconsideration standard). Applying that standard to the present question, reconsideration is appropriate when "the court has misapprehended the facts, a party's position, or the law." *Christy*, 739 F.3d at 539 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted).

The United States cites no change in controlling law or newly available evidence, nor does it contend that the court has misapprehended the facts[2] or a party's position. The United States

---

[2] The government mentions Lara's danger to the community, a possibility that was discussed at the hearing on April 14, 2023. The parties have not briefed dangerousness, and reconsideration is not a vehicle to "advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

3

also has not pointed to any case law that contravenes the Court's orders. This omission is not surprising. As explained in the Court's initial opinion on this issue, numerous courts in several jurisdictions (including at least one in this circuit) have held that a period of pre-hospitalization detention must be reasonable, and more than one decision has determined an eight-month waiting period is unreasonable on its face. *See United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022); *United States v. Leusogi*, No. 2:21-CR-32, 2022 WL 11154688, at *3 (D. Utah Oct. 19, 2022); *United States v. Wazny*, No. 3:21-CR-247, 2022 WL 17363048, at *7 (M.D. Pa. Dec. 1, 2022). Further, when presented with similar circumstances, courts have directed the government to expedite entry of an aggrieved defendant into a suitable BOP facility or face the prospect that an indictment would be dismissed. *See Donnelly*, 41 F.4th at 1107 (government must admit defendant within seven days or risk dismissal); *Leusogi*, 2022 WL 11154688, at *3 (same); *Wazny*, 2022 WL 17363048, at *7 (government must admit defendant within 30 days and did not warn about risk of dismissal); *see also United States v. Castrellon*, No. 22-cr-00112, 2023 WL 2330688, at *4 (D. Colo. March 1, 2023) (holding government to its projected admission date and warning of risk of dismissal). And that outcome has materialized where the United States did not follow a judicial instruction to begin a defendant's treatment post-haste. *Leusogi*, No. 2:21-CR-32, 2022 WL 16855426, at *4 (D. Utah. Nov. 10, 2022); *see also United States v. Carter*, 583 F. Supp. 3d

---

Courts addressing similar issues have not performed a dangerousness analysis, and the Court declines to make a formal finding here. *See generally United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022); *United States v. Leusogi*, No. 2:21-CR-32, 2022 WL 16855426 (D. Utah Nov. 10, 2022). In fact, *Donnelly* involved a defendant who was detained without bail as a danger to the community, and the Ninth Circuit still contemplated the possibility of dismissal and did not perform a dangerousness analysis. 41 F.4th at 1103, 1107. The Court also notes that at the hearing, the parties represented that Lara's last conviction was in 2011, over a decade ago. *See* Doc. 38 at 18, 30; *see also* Doc. 45 at 2 (describing Lara's criminal history of two alcohol-related misdemeanors at age 18 and one felony conviction in 2011).

94, 106 (D.D.C. 2022) (granting dismissal of indictment after four-month delay but holding order in abeyance to allow United States to initiate civil commitment proceedings).

The United States makes no effort to explain why these cases should not be followed. Rather, the government argues reconsideration is warranted because it "is contemplating appealing the Court's order dismissing this case should it deny this second motion for reconsideration" and therefore seeks a stay of dismissal in the alternative to allow it time to file the appeal. Doc. 43 at 2. This request does not support a finding of manifest injustice; if the United States seeks to appeal, the Tenth Circuit is well-equipped to decide whether a stay during the pendency of the appeal is appropriate. The United States also raises the issue of whether, in the event of an appeal, Lara will lose his place in line for FMC Butner, another matter that the Tenth Circuit can easily handle if necessary. *See* Doc. 44.[3]

In fact, on the matter of manifest injustice, the Court believes that reconsidering its order and continuing to hold Lara in violation of his constitutional rights would itself perpetuate injustice. Lara has waited eight and a half months for treatment—a period repeatedly deemed unreasonable. *See, e.g., Donnelly*, 41 F.4th at 1106; *Leusogi*, 2022 WL 11154688, at *3. The Court expressed its significant concern regarding this period of confinement on the April 14 hearing, Doc. 38 at 23–24, and issued an order warning the United States that dismissal was highly likely to follow if Lara was not admitted to a suitable facility within seven days, Doc. 39. The United States was on clear notice that Lara's detention was problematic as of April 14, and unconstitutional as of April 28. As the Court has stated before, it understands that counsel for the

---

[3] Because the Tenth Circuit can order that Lara resume his place in line, a stay is also inappropriate. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (identifying relevant factors governing the issuance of a stay pending appeal to include irreparable injury in the absence of a stay).

United States is not personally responsible for the delay, and it recognizes the constraints that the United States faces. Nonetheless, it is the Court's job to interpret the relevant statute, case law, and constitutional provisions, and the Court has done so.

In summary, the Court has found that Lara's eight-month period of pre-hospitalization detention is unreasonable and gives rise to a constitutional violation, offered the government an opportunity to take action and remedy the deficiency, and dismissed Lara's indictment without prejudice after the government did not comply with this Court's order. That the United States disagrees with this approach is not sufficient grounds to justify abandoning the Court's prior decision. Reconsideration is not appropriate when the motion is used "to revisit issues already addressed." *Christy*, 739 F.3d at 539. Because the issue of Lara's extended confinement and its unconstitutionality has already been addressed, the motion for reconsideration is denied.

It is so ordered.

_____
MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE